UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IDAMAE BASSRONE                          CIVIL ACTION

VERSUS                                   NO.  06-9941

OXFORD INSURANCE AGENCY,                 SECTION "R"(4)
ET AL.


        This order also applies to the following civil action.


HERMAN BAYRIES                           CIVIL ACTION

VERSUS                                   NO.  06-10053

ALLSTATE INSURANCE COMPANY,              SECTION "R"(1)
ET AL.


**ORDER AND REASONS**

        Before the Court are the motions of plaintiffs Idamae

Bassrone and Herman Dayries[1] to remand these matters to state

court.  Because the Court finds the claims asserted against the

in-state defendants were improperly joined, the Court DENIES the

motions.

---

        [1] Allstate contends that plaintiff is improperly identified
as "Herman Bayries" in the plaintiff's petition.

I.    **BACKGROUND**

Plaintiffs sued their homeowner's insurers and their insurance agents in Louisiana state court on claims relating to plaintiffs' respective insurance coverage.  The insurers' citizenship is diverse from plaintiffs but the agents, like plaintiffs, are citizens of Louisiana.  The parties thus are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). Defendants removed these cases to federal court on the ground that federal diversity jurisdiction exists because the agents were improperly joined.  Plaintiffs now move to remand these matter to state court.  For the following reasons, these motions are denied.


II.  **LEGAL STANDARDS**

    **A.   Applying Louisiana Law**

When jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In Louisiana, the sources of law are legislation and custom.  *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004).

These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (*quoting* La. Civ. Code art. 1*).*  In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)).  To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it.  *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

### B.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the

recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### C.   Improper Joinder

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332.  However, a defendant may remove by showing that the nondiverse party was improperly joined.  *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).  Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one.  *Id.*  It may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). The Court must determine whether there is arguably a reasonable

basis for predicting that state law might impose liability on the nondiverse defendant. *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id.* The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id.* (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

## III. DISCUSSION

### A. 06-9941: Bassrone v. Oxford Insurance Agency et al.

5

Defendants[2] assert that plaintiff's claims against Oxford Insurance Agency and Rick Brasko, her insurance agents, are perempted by the terms of La. Rev. Stat. § 9:5606, a statute establishing peremptive periods for contract and tort actions brought against insurance agents.   The statute provides as follows:

> No action for damages against any insurance agent . . .
> whether based upon tort, or breach of contract, or
> otherwise, arising out of an engagement to provide
> insurance services shall be brought unless filed . . .
> within one year from the date of the alleged act,
> omission, or neglect, or within one year from the date
> that the alleged act, omission, or neglect is
> discovered or should have been discovered. However,
> even as to actions filed within one year from the date
> of such discovery, in all events such actions shall be
> filed at the latest within three years from the date of
> the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606.  Under the express terms of the statute, regardless of whether plaintiffs sued within one year of discovering their cause of action, the claim is still perempted if plaintiffs do not bring it within three years of the act, omission, or neglect.  La. Rev. Stat. § 9:5606.  Further, peremptive statutes are not subject to suspension.  *Reeder v. North*, 701 So. 2d 1291 (La. 1997).

The Court finds that plaintiff's claims are perempted under

---

[2] Standard Fire states that it is improperly identified as "Travelers Insurance Company" in the plaintiff's petition.

any viable legal theory.  Plaintiff alleges that Oxford and
Brasko were negligent in various ways when they procured her
insurance coverage.  In its April 24, 2007 Order in this matter,
the Court found that "all but one of [plaintiff's claims against
Oxford and Brasko] either fails to state a claim as to a
recognized duty under Louisiana law or is perempted by virtue of
plaintiff's procurement of her insurance policy in 1996 without
any allegation of misconduct thereafter." (R. Doc. 23).  The
only claim that the Court found potentially actionable under
Louisiana law was that Oxford and Brasko failed to procure
requested insurance coverage.  (*Id.*).  The Court then permitted
plaintiff to submit an affidavit within ten days of the Order
that controverts the affidavit testimony of Mark Fruchtnicht of
Oxford that plaintiff did not speak with any person in his office
about her insurance coverage during the three years preceding the
date Hurricane Katrina struck southeastern Louisiana.  (R. Doc.
17-2).[3]  Plaintiff failed to do so.

The Court therefore finds that, because plaintiff filed suit
in August of 2006, her claims are subject to the three-year
peremption provided in La. Rev. Stat. § 9:5606.  Furthermore,

---

[3] In that same affidavit, Fruchtnicht also avers that no
person named Rick Brasko has ever been employed or affiliated
with his agency.  (R. Doc. 17-2).

7

that the policy was renewed each year does not alter this result. Subsequent renewals of insurance policies do not restart the peremptive period on torts committed at the time of initial purchase. *See Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182-83 (La. Ct. App. 2004); *Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382-83 (La. Ct. App. 2003); *see also Bordelon v. The Indep. Order of Foresters*, 2005 WL 3543815 at *3 (E.D. La. 2005). Since plaintiff's claims against Oxford and Brasko are perempted, she does not have a reasonable possibility of recovery against them. Joinder is thus improper, and the Court has diversity jurisdiction over this matter.

**B.    06-10053: Bayries v. Allstate Insurance Company et al.**

Allstate asserts that plaintiff's claims against Billy Bravender, his insurance agent, are perempted by the terms of La. Rev. Stat. § 9:5606, *supra*. In its April 24, 2007 Order in this matter, the Court found that "all but one of [plaintiff's claims against Bravender] either fails to state a claim as to a recognized duty under Louisiana law or is perempted by virtue of plaintiff's procurement of his insurance policy in 1977 without any allegation of misconduct thereafter." (R. Doc. 17). The only claim that the Court found potentially actionable under Louisiana law was that Bravender failed to procure requested insurance coverage. (*Id.*). The Court then permitted plaintiff

8

to submit an affidavit within ten days of the Order that controverts the Bravender's affidavit testimony that plaintiff requested only one change to his flood policy and no changes to his homeowner's policy during the three years before Hurricane Katrina struck southeastern Louisiana.  (R. Doc. 14).  Bravender, who became plaintiff's agent in 2000, further stated that the requested change was made effective before August 29, 2005 and that no other discussions took place between plaintiff and the agency during that time period.  (*Id.*).  Plaintiff failed to controvert this evidence.

The Court therefore finds that, because plaintiff filed suit in August of 2006, his claims are subject to the three-year peremption provided in La. Rev. Stat. § 9:5606.  Furthermore, that the policy was renewed each year does not alter this result. Subsequent renewals of insurance policies do not restart the peremptive period on torts committed at the time of initial purchase.  *See Biggers*, 886 So. 2d at 1182-83; *Bel*, 845 So. 2d at 382-83.  Since plaintiff's claims against Bravender are perempted, he does not have a reasonable possibility of recovery against Bravender.  Joinder is thus improper, and the Court has diversity jurisdiction over this matter.

9

**IV.  CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs'
motions to remand.


New Orleans, Louisiana, this <u>10th</u> day of May, 2007.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE